# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DE'ANGELO MARQUETTE HIGGS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:25-cv-00436-HEA<br>) |
| ANDREW NICOLAY, et al., | )<br>) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff De'Angelo Marquette Higgs' application to proceed in district court without prepayment of fees and costs. Based on Plaintiff's financial information, the Court grants the application and assesses an initial partial filing fee of $1.00. On initial review pursuant to 28 U.S.C. § 1915(e)(2), the Court issues service on Plaintiff's complaint as to Defendants Andrew Nicolay, Richard Schiker, and Andrew Heimburger in their individual capacities. The Court dismisses Plaintiff's claims brought against these Defendants in their official capacities and dismisses Plaintiff's claims brought against Defendants St. Louis Metropolitan Police Department, the City of St. Louis, St. Louis County, and the State of Missouri.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted his account statement from the Menard Correctional Center. He states that his only income is occasional deposits from family and friends into his prison account, and any future gifts are indeterminable. Based on this information, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a

matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Complaint

Plaintiff brings this 42 U.S.C. § 1983 alleging three St. Louis Metropolitan Police Officers used excessive force when they tased and assaulted him during an arrest in East St. Louis, Illinois.  He names as Defendants Andrew Nicolay (St. Louis City Police Officer); Richard Schiker (St. Louis City Police Officer); Andrew Heimburger (St. Louis City Police Officer); the St. Louis Metropolitan Police Department (STLMPD); the City of St. Louis; St. Louis County; and the State of Missouri.  He sues Officers Nicolay, Schiker, and Heimburger in their individual and official capacities, and the STLMPD, City of St. Louis, St. Louis County, and the State of Missouri in their official capacities.

Plaintiff states that on October 18, 2020, at the intersection of 16th Street and Cleveland Avenue in East St. Louis, Illinois, Officer Nicolay assaulted him when he was face down and handcuffed on the ground.  He states Nicolay punched him in his right temple, kicked him in the head several times, then tased him.  Nicolay assaulted Plaintiff while he was also being tased by two other officers and choked and punched by a third officer.  Plaintiff suffered a severe concussion, two contusions to the back of his skull, a broken nose, and a fractured orbital bone.  Plaintiff alleges Nicolay refused Plaintiff medical care after the attack.

-4-

Plaintiff alleges that Officers Schiker and Heimburger also tased him, again while he was face down on the ground and handcuffed and while other officers assaulted and choked him.  These officers too refused him medical care.

As for Plaintiff's claims against the STLMPD, he alleges it is liable for its employees' violations of Plaintiff's rights.  His claims against the City of St. Louis are merely that the STLMPD "is a municipality of the City of St. Louis." Doc. 1 at 7. Other than naming St. Louis County and the State of Missouri in the caption, Plaintiff states no claims against these governmental entities.

For relief, Plaintiff seeks $450,000 in damages from the St. Louis City Police Officers and $4,000,000 in damages from the STLMPD, the City of St. Louis, St. Louis County, and the State of Missouri.

## Discussion

**A.     The Individual Defendants—Officers Nicolay, Schiker, and Heimburger**

*(1)     Excessive Force*

"The Due Process Clause of the Fourteenth Amendment constrains the use of force against a pretrial detainee.  A violation occurs if an official purposely or knowingly uses force against a detainee and the use of force is objectively unreasonable.  A use of force is reasonable if it is rationally related to a legitimate, nonpunitive governmental purpose and does not appear excessive in relation to that purpose.  Objective reasonableness turns on the facts and circumstances of each

particular case." *Webster v. St. Louis Cnty.*, 135 F.4th 614, 616-17 (8th Cir. 2025) (internal citations omitted).

Here, Plaintiff alleges Officers Nicolay, Schiker, and Heimburger assaulted and tased him while he was non-combative, handcuffed, and lying face-down in the grass. The Court finds Plaintiff has stated plausible claims against these officers for excessive use of force in violation of the Fourteenth Amendment. The Court issues service on Defendants Nicolay, Schiker, and Heimburger in their individual capacities.

(2)   *Deliberate Indifference to Serious Medical Need*

Plaintiff alleges that Officers Nicolay, Schiker, and Heimburger were deliberately indifferent to his serious medical needs by not ensuring he received medical attention after the alleged assault. Plaintiff's assault resulted in a severe concussion, two contusions to the back of his skull, a broken nose, and a fractured orbital bone. After the assault, the officers walked Plaintiff past a waiting ambulance to a squad car, and transported him to the East St. Louis Police Department. Plaintiff waited in a holding cell for five to six hours before being taken to St. Louis University Hospital for medical care. He spent four days in the hospital before being transferred to St. Clair Conty Jail, where he spent an additional month in the infirmary before his eyes could open.

The Court finds Plaintiff has stated a plausible claim against Officers Nicolay, Schiker, and Heimburger for deliberate indifference to his serious medical needs. The Court issues process on these claims.

(3)   *Official Capacity Claims*

Plaintiff brings his claims against Officers Nicolay, Schiker, and Heimburger in both their official and individual capacities. An official-capacity claim against an individual is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). To prevail on an official capacity claim, a plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).

Plaintiff's official-capacity claims against Officers Nicolay, Schiker, and Heimburger are actually claims against the St. Louis Metropolitan Police Department and the City of St. Louis, which are not entities subject to suit under 42 U.S.C. § 1983. *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *see also Monell v. Dep't of Soc. Servs. of City of*

*N.Y.*, 436 U.S. 658, 690 (1978). But, liability may attach if a constitutional violation resulted from an official policy, an unofficial custom, or a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Here, Plaintiff does not allege the officers' constitutional violations were the result of a policy, custom, or failure to train on the part of St. Louis City. Therefore, the Court will dismiss Plaintiff's official capacity claims brought against Officers Nicolay, Schiker, and Heimburger.

**B.     Defendants St. Louis Metropolitan Police Department, St. Louis City, and St. Louis County**

Plaintiff's § 1983 claims against Defendants STLMPD, St. Louis City, and St. Louis County will be dismissed for failure to state a claim. As discussed above with respect to Plaintiff's claims against the officers brought in their official capacities, to prevail on a § 1983 claim against these entities, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). But Plaintiff has not alleged any liability based on an official municipal policy, unofficial custom, or deliberately indifferent failure to train or supervise. For these reasons, the Court dismisses Plaintiff's claims brought

against Defendants STLMPD, St. Louis City, and St. Louis County for failure to state a claim upon which relief may be granted.

**C.     Defendant State of Missouri**

Similarly, Plaintiff's claim against the State of Missouri must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). For these reasons, the Court dismisses Plaintiff's claims brought against the State of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepayment of fees and costs is **GRANTED**. Doc. [2]

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include

upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the St. Louis City Counselor's Office as to Defendants Andrew Nicolay, Richard Schiker, and Andrew Heimburger in their individual capacities.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendants Andrew Nicolay, Richard Schiker, and Andrew Heimburger in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants St. Louis Metropolitan Police Department, the City of St. Louis, St. Louis County, and the State of Missouri are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 15th day of December, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE